# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**CHARLES D. AUSTIN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**MDD_CDAChambers@mdd.uscourts.gov**

August 26, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Christine D. v. Martin O'Malley, Commissioner, Social Security Administration*
        Civil No. 23-2462-CDA

Dear Counsel:

On September 11, 2023, Plaintiff petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for benefits.  ECF 1.  This case was then referred to a magistrate judge with the parties' consent.  *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023).  The Court has considered the administrative record (ECF 8) and the parties' briefs (ECFs 13, 15, 16).  No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023).  The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards.  *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  For the reasons explained below, the Court will REVERSE the SSA's decision and REMAND the case to the SSA for further consideration.

## I.     PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on December 11, 2018, alleging a disability onset of January 1, 2018.  Tr. 16.  The claim was denied initially and on reconsideration. *Id.*  After holding a hearing, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled.  Tr. 13–34.  After the Appeals Council denied review, Tr. 1–6, Plaintiff appealed to this Court, Tr. 1066–73.  The Court remanded Plaintiff's case to the SSA.  Tr. 1074–77.  The Appeals Council then vacated the SSA's decision and ordered further analysis.  Tr. 1078–82.  In a decision dated March 8, 2023, Plaintiff's claim was again denied by an ALJ.  Tr. 953–75.  Plaintiff sought review by the Appeals Council, which declined to assume jurisdiction.  Tr. 946–52.  Accordingly, the March 8, 2023 decision is the final decision of the SSA and is subject to judicial review.  42 U.S.C. § 405(g); 20 C.F.R. § 416.1484(b)(2).

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a).  The SSA evaluates disability claims using a five-step process.  *See* 20 C.F.R. § 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy."  *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

*Christine D. v. O'Malley*
Civil No. 23-2462-CDA
August 26, 2024
Page 2

Here, at step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since she applied for benefits. Tr. 958. At step two, the ALJ found that Plaintiff "has the following severe impairments: seizures; asthma; anxiety disorder; depressive disorder; mood disorder; post-traumatic stress disorder; and substance abuse disorder." *Id.* The ALJ also found that Plaintiff "has the non-severe impairment[s] of humerus fracture; liver cyst; left foot fracture; obesity; and urinary frequency." Tr. 959. At step three, the ALJ found that Plaintiff does not have any impairments that meet or equal the severity of any listed impairments. *Id.* The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is never able to climb ladders, ropes, or scaffolds; she should avoid all hazards such as dangerous moving machinery; and she should have no more than occasional exposure to fumes, dusts, odors, gases, poor ventilation, and other pulmonary irritants. She is able to have occasional interaction with co-workers and the general public. She is able to maintain concentration, persistence, and pace in two-hour increments with time off-task accommodated by normal breaks in order to complete a workday and workweek. She can perform no production pace work by which I mean rapid assembly line work where coworkers are side by side and the work of one affects the work of others, and the worker does not control the pace. She is capable of understanding and remembering simple instructions and carrying out simple routine tasks.

Tr. 961. At steps four and five, the ALJ found that Plaintiff has no past relevant work but can perform other jobs that exist in significant numbers in the national economy. Tr. 967. The ALJ concluded that Plaintiff was not disabled. Tr. 968.

### III.   LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ "analyzed all evidence" and "sufficiently explained the weight [they have] given to obviously probative exhibits[.]" *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997).

### IV.   ANALYSIS

Plaintiff argues that her RFC was improperly assessed because the ALJ failed to comply with Social Security Ruling ("SSR") 96-8p. ECF 13, at 8. Defendant counters that substantial evidence supports the ALJ's RFC assessment and that the ALJ sufficiently explained each of the factual findings at issue in this appeal. ECF 15, at 7–20.

*Christine D. v. O'Malley*
Civil No. 23-2462-CDA
August 26, 2024
Page 3

A claimant's RFC is "the most [they] can still do despite [their] limitations."  20 C.F.R. § 416.945(a)(1).  When assessing RFC, an ALJ must "identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945."  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  An ALJ must also provide "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Id.* at *7.

An RFC assessment accounts for a claimant's exertional capacity by expressing the claimant's strength abilities in terms of "exertional levels of work."  *Id.* at *1.  These exertional levels (listed in ascending order from least demanding to most demanding) are "sedentary, light, medium, heavy, and very heavy."  *Id*.  When a claimant is deemed capable of working at an exertional level, they are also generally deemed capable of working at less-demanding exertional levels.  *See* SSR 83-10, 1983 WL 31251, at *3 (Jan. 1, 1983).

Here, the ALJ found that Plaintiff could perform "a full range of work at all exertional levels[.]" Tr. 961.  This finding necessarily implies a host of other conclusions—among them, the conclusion that Plaintiff can perform "very heavy work," which entails lifting objects "weighing more than 100 pounds at a time" and frequently lifting or carrying objects "weighing 50 pounds or more."  20 C.F.R. § 416.967(e).  Instead of justifying these findings, the ALJ simply stated that the RFC assessment "is supported by the objective medical evidence of record, the claimant's treatment notes, and the claimant's own statements regarding symptom frequency, duration, intensity, and limiting effects."[1] Tr. 966.  Such a statement does not amount to "a narrative discussion describing how the evidence supports each conclusion[.]"  SSR 96-8p, 1996 WL 374184, at *7.

Without such a discussion, the Court cannot determine whether the RFC assessment accurately reflects Plaintiff's exertional abilities.  Moreover, SSR 96-8p provides that, "[w]ithout a careful consideration of an individual's functional capacities to support an RFC assessment based on an exertional category," the ALJ may "overlook limitations or restrictions that would narrow the . . . work [that] an individual may be able to do" at step five.  *Id.* at *4.  Accordingly, the Court must remand this case to ensure that the SSA's step-five findings are premised upon a proper RFC assessment.  As the Court remands the case on these grounds, it does not address Plaintiff's other arguments and it expresses no view as to the ultimate merits of Plaintiff's application for benefits.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, the SSA's judgment is REVERSED due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g).  The case is REMANDED for further

---

[1] The ALJ's exertional findings are also not traceable to any opinion evidence to which the ALJ assigned weight.  *Cf. Sizemore v. Berryhill*, 878 F.3d 72, 80–81 (4th Cir. 2017) (holding that an ALJ adequately supported limitations in the RFC assessment by assigning persuasive value to the opinions of doctors who addressed the limitations in detail).

*Christine D. v. O'Malley*
Civil No. 23-2462-CDA
August 26, 2024
Page 4

proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge